## William R. Brand, trading as Brand Agency, Appellant, v. James P. Younger, Appellee.

### Gen. No. 22,795.   (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. PETER C. WALTERS, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed April 30, 1917. Rehearing denied May 14, 1917.

### Statement of the Case.

Action by William R. Brand, trading as Brand Agency, plaintiff, against James P. Younger, defendant, to recover the sum of $931.96, alleged to be due under a contract for the collection of accounts by plaintiff for defendant. From a judgment for defendant, plaintiff appeals.

WILLIAM R. BRAND, for appellant.

JOEL C. CARLSON, for appellee.

MR. JUSTICE DEVER delivered the opinion of the court.

### Abstract of the Decision.

1. PRINCIPAL AND AGENT, § 21*—*when owner of accounts may assume that collection agency has abandoned contract.* In an action to recover the amount which plaintiff claimed accrued to him under a written contract for collection of accounts, providing that as compensation the entire proceeds of one of the claims and a proportionate part of the other claims collected should be retained by the plaintiff as compensation, where plaintiff collected only the one account of which he was to keep the entire proceeds, and kept the same and did nothing as to the other accounts for about ten years, and the particular account which was the basis of plaintiff's suit was collected by another attorney ten years after the contract

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

was entered into by plaintiff, and the contractual relations between the plaintiff and defendant were severed shortly after the contract was entered into, held that, as a result of plaintiff's conduct, the defendant was authorized to assume that plaintiff had abandoned his contract and any rights which he might originally have asserted thereunder.

2. PRINCIPAL AND AGENT, § 11*—when contract with collection agency may be rescinded by principal. In an action to recover the amount which plaintiff claimed accrued to him under a written contract under which the defendant turned over to the plaintiff various accounts for collection, and 'agreed that as compensation the entire proceeds of one of the claims and a proportionate part of the other claims collected should be retained by the plaintiff as compensation, where the plaintiff collected only the one account of which he was to keep the entire proceeds, and kept the same and did nothing as to the other accounts for about ten years, and the particular account which was the basis of plaintiff's suit was collected by another attorney ten years after the contract was entered into by plaintiff, held that the contract was not an assignment of the accounts, but merely a contract of employment, and that the defendant had the right to rescind such contract by reason of the failure of the plaintiff to use diligence in its performance.